Argued June 2, affirmed September 22, 1954

LEINAN ET AL. *v.* CITY OF NEWBERG
274 P. 2d 114

*Chris J. Kowitz,* of Salem, argued the cause for appellants. With him on the brief were Osterman & Williams, of Salem.

*Willard L. Cushing,* of McMinnville, argued the cause for respondent. With him on the brief were Herbert Swift and Marsh, Marsh & Dashney, of McMinnville.

Before Latourette, Chief Justice, and Warner, Lusk and Brand, Justices.

PER CURIAM.

Plaintiffs, property owners in the city of Newberg, brought suit to quiet title to their respective properties in order to relieve themselves from payment of street assessments occasioned by the improvement of certain streets in Newberg, being those streets and parts of streets comprehended within what we hereinafter refer to as "the original improvement". By cross-complaint the city pleaded the proceedings incident to the improvements and assessments. The parties at the trial stipulated that the proceedings detailed by the cross-complaint were had, the plaintiffs claiming that they were void.

The record thus stipulated reveals that on the 2nd day of February 1948, the Common Council of the city of Newberg initiated proceedings looking to and resulting in the improvement of certain streets and alleys in that city. No part of the proceedings thus initiated referred to or included those portions of Blaine street which are more particularly hereinafter referred to as "the Blaine street improvement" to distinguish it from the improvement initiated by the council in February and called "the original improvement".

We have given careful consideration to the entire record, briefs and arguments of counsel, and concur

with the able and learned trial judge in his findings that the proceedings in their entirety were valid.

There is one point raised by plaintiffs, however, that calls for discussion. It is the contention of the plaintiffs that the cost of improving the portions of the street included in the Blaine street improvement was added to and made a part of the total assessments levied against the properties of plaintiffs which abutted upon the streets and alleys described in the ordinance and that, by reason thereof, they in some way are carrying some part of the cost of the Blaine street improvement. If this were so, a grave question might arise as to the regularity of the original proceedings initiated in February. To the contrary, we find the following allegation in defendant's answer which, when read with the stipulation, resolves the matter against plaintiffs' claims:

"That a portion of said street paving project, consisting of the improvement, drainage and paving of Blaine Street between the North line of Sixth Street and the South line of Fifth Street in said City of Newberg, Oregon, was not included in the original project proposed. That by virtue of the written petition and request of the property owners abutting on said portion of Blaine Street, said petitions specifically describing the property owned or in which petitioner had an equitable ownership and specifically agreeing to promptly pay all costs of such paving and agreeing to a lien against said property and waiving all irregularities and defects in making of the improvement or the assessment of the cost thereof, the City of Newberg proceeded to improve and pave said portion of Blaine Street specifically benefiting all of said property abutting thereon. *That thereafter, pursuant to the proceedings hereinabove alleged, said property abutting on Blaine Street was duly*

*assessed with its proportionate share of the cost of such improvement.* * * *" (Italics ours.)

At the trial it was stipulated by plaintiffs as follows:

"Mr. Kowitz: If the Court please, we will admit that these proceedings were had, and that the answer shows what the proceedings were. We will stipulate that. * * *"

We read the italicized portion of defendant's answer above quoted as meaning that the "property abutting on Blaine Street", improved in response to the petition of the property owners above referred to, was duly assessed with the whole cost of the Blaine street improvement, no more or no less; and that being so, no other property situated in the city of Newberg, whether within or without the boundaries established in the original improvement district, could have borne any part of the cost of the Blaine street improvement, notwithstanding that the proceedings looking to the assessment of the properties benefited by the Blaine street improvement were included in the same ordinance which assessed the properties of plaintiffs with their proportionate share of the cost of the benefits derived from the original improvement initiated by the Common Council in February 1948. Under the circumstances stipulated, plaintiffs were not prejudiced or damaged by the action taken with reference to the Blaine street improvement.

Affirmed.